## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>   Plaintiff,<br><br>    v.<br><br>CAMBRIDGE TECHNOLOGIES GROUP, INC.,<br>ANDREW CARRINGTON, AND<br>CAMBRIDGE TECHNOLOGIES GROUP, INC.<br>401(K) PLAN<br>   Defendant. | Civil Action No. _____ |

## COMPLAINT

R. Alexander Acosta, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1.  This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2.  This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.    Venue with respect to this action lies in the Eastern District of Virginia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4.    The Cambridge Technologies Group, Inc. 401(k) Plan ("the Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

5.    Cambridge Technologies Group, Inc. ("Cambridge"), a Virginia corporation, is the administrator and sponsor of the Plan.  Cambridge had a place of business located in McLean, Virginia

6.    For purposes of this Complaint, the relevant period is defined as 1991 to date.

## THE PARTIES

7.    The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

8.    Cambridge is the Administrator of the Plan and the Plan sponsor.  During some or all of the relevant time period, Cambridge has exercised discretionary authority and discretionary control respecting management of the Plan, has exercised authority and control respecting management and disposition of the Plan's assets and had discretionary authority and discretionary responsibility in the administration of the Plan.  Cambridge is therefore a fiduciary to the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

9.      Andrew Carrington (Carrington) was Cambridge's president and CEO, and is a fiduciary to the Plan.  During some or all of the relevant time period, Carrington has exercised discretionary authority and discretionary control respecting management of the Plan, has exercised authority and control respecting management and disposition of the Plan's assets and had discretionary authority and discretionary responsibility in the administration of the Plan. Carrington is therefore a fiduciary to the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## GENERAL ALLEGATIONS

10.     On or about January 1, 1991, Cambridge established the Plan to provide benefits to its employees in the event of retirement, death or disability and upon termination of employment.

11.     Since sometime around 2004, when Cambridge ceased operations, Cambridge and Carrington have not taken fiduciary responsibility for the operation and administration of the Plan and its assets, nor have they appointed anyone to assume said responsibility.

12.     Under the terms of the Plan, Plan participants are entitled to all distributions when the Plan is terminated, partially terminated, or the there is a complete discontinuance of contributions to the Plan.

13.     Plan participants have not been able to obtain a distribution from the Plan because Cambridge and Carrington have not initiated termination of the Plan and distribution of the assets.

14.     As of August 23, 2016, the Plan had twenty four (24) participants and $535,790.60 in Plan assets.

15.     As of May 12, 2017, Andrew Carrington has not fulfilled his obligations as a fiduciary to approve required distribution paperwork, process distribution requests, and keep participants and the Plan administrator apprised of updated contact information.

## VIOLATIONS

16.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-15, inclusive.

17.     By the actions and conduct described above, Cambridge and Carrington, as fiduciaries of the Plan,

a.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A),  29 U.S.C. § 1104(a)(1)(A); and

b.      failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an Order:

A.      Removing defendant Cambridge from its position as a fiduciary with respect to the Plan;

B.      removing defendant Carrington from his position as a fiduciary with respect to the Plan;

C.      appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries; and

D.      ordering such further relief as is appropriate and just.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Jessica R. Brown
Senior Trial Attorney

Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5144
(215) 861-5162 (fax)
brown.jessica.r@dol.gov
zzsol-phi-docket@dol.gov

/s/ Dominique V. Sinesi
Dominique V. Sinesi
Attorney, VSB No. 28707

Office of the Solicitor
201 12th Street, Suite 401
Arlington, VA 22202

5

Phone: (202) 693-9337
Fax: (202) 693-9392
sinesi.dominique@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

6