IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

R. ALEXANDER ACOSTA, Secretary of          )
    Labor,                                                            )
                                                      )
                 Plaintiff,                               )
                                                     )       1:17-cv-1238 (LMB/IDD)
    v.                                                                  )
                                                       )
CAMBRIDGE TECHNOLOGIES GROUP,              )
    INC., et al.,                                                 )

                 Defendants.

ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate

judge on May 4, 2018 [Dkt. No. 17], which recommended that plaintiff R. Alexander Acosta's

("plaintiff" or "Acosta") Motion for Default Judgment [Dkt. No. 11] be granted and that default

judgment be entered against defendants Cambridge Technologies Group, Inc. ("Cambridge") and

Andrew Carrington ("Carrington") (collectively, "defendants").[1] See Report at 1. The parties

were advised that any objections to the Report had to be filed within 14 days and that failure to

file a timely objection waived the right to appeal any judgment based on the Report. Id. at 8. As

of the close of business on May 18, 2018, no party has filed an objection. The Court has

reviewed the Report, plaintiff's motion for default judgment, and the case file and adopts the

Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction

over this action under 28 U.S.C. § 1331 because it arises under the Employee Retirement Income

---

[1] Plaintiff also included as a defendant the Cambridge Technologies Group, Inc. 401(k) Plan (the "Plan") "to ensure completeness of relief." Pl. Mem. [Dkt. No. 12] 2 n.1. Although plaintiff's Motion for Default Judgment requests a default judgment against defendants collectively, the Complaint does not assert any claims against the Plan and the specific injunctive relief that plaintiff seeks involves Cambridge and Carrington, not the Plan.

Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1109, 1132, a federal law. Id. at 2. The magistrate

judge also correctly concluded that this Court has personal jurisdiction over defendants because

ERISA provides for nationwide service of process and Cambridge and Carrington each has

sufficient aggregate contacts with the United States to satisfy due process. Id. In addition, the

magistrate judge correctly determined that venue is proper in this district pursuant to 29 U.S.C. §

1132(e)(2) because Cambridge has its place of business in McLean, Virginia and therefore "may

be found" in this district. Id. at 2-3. Lastly, the magistrate judge has correctly concluded that

plaintiff properly served defendants by publication pursuant to the Court's Order permitting such

service [Dkt. No. 5]. Id. at 3.

The Court finds that the magistrate judge correctly determined that plaintiffs have

pleaded the requirements for obtaining relief under 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B).

Specifically, plaintiffs have adequately pleaded that Cambridge and Carrington established the

Plan, which is an employee benefit plan under 29 U.S.C. § 1002(3), in 1991, have been its

sponsors and administrators since that time, and are fiduciaries of the plan under 29 U.S.C. §

1002(21) and parties-in-interest under 29 U.S.C. § 1002(14)(A). Id. at 5. In addition, plaintiffs

have adequately pleaded that since Cambridge cased operations in 2004, neither Carrington nor

Cambridge has continued to perform Plan administration duties, including terminating the Plan

and distributing Plan assets, and as such, both have failed to discharge their duties with respect to

the Plan for the exclusive purpose of providing benefits to Plan participants and with the care,

skill, and diligence that a prudent man would have displayed, in violation of 29 U.S.C. §§

1104(a)(1)(A), 1104(a)(1)(B). Id. at 6-7. Therefore, the magistrate judge correctly determined

that plaintiff is entitled to the entry of default judgment against defendants and, pursuant to 29

U.S.C. § 1109(a), to an injunction removing Cambridge and Carrington as Plan fiduciaries and appointing an independent fiduciary to administer the Plan. Id. at 7.

Accordingly, the Report is ADOPTED and plaintiff's Motion for Default Judgment [Dkt. No. 11] is GRANTED, and it is hereby

ORDERED that default judgment be and is entered against defendants Cambridge Technologies, Inc. and Andrew Carrington; and it is further

ORDERED that Cambridge Technologies, Inc. be and is removed as Plan Administration and Andrew Carrington be and is removed as fiduciary for the Plan; and it is further

ORDERED that Cambridge Technologies, Inc. and Andrew Carrington be and are permanently enjoined from serving as trustees, fiduciaries, advisors, or administrators to any employee benefit plan, as that term is defined in 29 U.S.C. § 1002(3), or from serving in any capacity that involves decisionmaking authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA; and it is further

ORDERED that Cambridge Technologies, Inc. and Andrew Carrington be and are permanently enjoined from violating Title I of ERISA; and it is further

ORDERED that Lefoldt & Co., P.A. ("Lefoldt"), be and is appointed as the independent fiduciary to the Plan and shall have plenary authority over the administration, management, and disposition of the assets of the Plan; and it is further

ORDERED that Lefoldt be and is directed to marshal the assets of the Plan, to pursue any claims on behalf of the Plan, and to take all appropriate action for the termination of the Plan and the distribution of benefits to the Plan's participants and beneficiaries; and it is further

ORDERED that Lefoldt's compensation shall be no more than $6,397.50, payable from the Plan's assets; and it is further

3

ORDERED that Cambridge Technologies, Inc. and Andrew Carrington and their agents, employees, officers, shareholders, service providers, banks, accountants, and attorneys shall cooperate with plaintiff and Lefoldt and provide all of the books, documents, and records relating to the finances and administration of the Plan to plaintiff and Lefoldt; and it is further

ORDERED that this Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Default Judgment.

The Clerk is directed to enter judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55, forward copies of this Order to counsel of record and defendants at their addresses of record, and close this civil action.

Entered this 22nd day of May, 2018.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

4